(182 P.3d 1288)
No. 98,037

Sheriff David A. Zoellner, *Appellee/Cross-appellant,* v. Civil Service Board of Leavenworth County, Kansas, *Appellant/Cross-appellee,* and David Freeman, *Appellee.*

Opinion filed May 16, 2008.

*Keyta D. Kelly,* county counselor, for appellant/cross-appellee.

*Kirk T. Ridgway,* of Ferree, Bunn, O'Grady & Rundberg, Chtd., of Overland Park, for appellee/cross-appellant Sheriff David A. Zoellner.

No appearance by appellee David Freeman

Before Rulon, C.J., Marquardt and Greene, JJ.

Marquardt, J.: The Civil Service Board of Leavenworth County (Board) appeals the district court's grant of summary judgment to Sheriff David Zoellner regarding the employment of Sher-

iff's Deputy David Freeman. Sheriff Zoellner cross-appeals the district court's interpretation of K.S.A. 19-4327(d)(3). We affirm in part and reverse in part.

In January 2006, Deputy Freeman was dispatched to investigate a complaint. Deputy Freeman recognized the caller, Marvin Torneden, who in the past had threatened to shoot people who came on his property.

As Deputy Freeman approached Torneden's front door, he heard an animal growl. Startled by the sound, Deputy Freeman stumbled near a fence. As he moved to regain his balance, Deputy Freeman was bitten by Torneden's dog. Deputy Freeman yelled at Torneden to get control of his animal. Torneden reportedly replied that the deputy had better stay away from the fence. In his written incident report, Deputy Freeman reported that he felt like he had no other choice than to protect himself from the animal. Deputy Freeman used his service revolver and shot the dog several times. Ultimately, the dog had to be euthanized. The dog bite sustained by Deputy Freeman was minor and did not require any medical attention.

Deputy Freeman sent a letter to Sheriff Zoellner in January 2006 attempting to explain his actions. After an investigation into Deputy Freeman's conduct, Sheriff Zoellner concluded that the shooting was not justified and Deputy Freeman had violated department policy when he discharged his weapon. Sheriff Zoellner informed Deputy Freeman that his employment was terminated, effective immediately. Deputy Freeman was told that he had the right to appeal his termination to the Board.

Deputy Freeman filed a timely notice of appeal with the Board. In March 2006, the Board sustained Deputy Freeman's dismissal; however, pursuant to K.S.A. 19-4327(d)(3), the Board directed that Deputy Freeman be "transferred to a comparable position in the Jail Division."

Sheriff Zoellner appealed the Board's decision to the district court, arguing that the Board had exceeded its authority; he cited *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 62 P.3d 247 (2003), as support for his position. Further, the sheriff contended that the Board had incorrectly interpreted K.S.A. 19-

4327(d)(3) when it ordered Deputy Freeman reassigned to the jail division.

Sheriff Zoellner then filed a motion for summary judgment, arguing that *Nielander* controlled the Board's authority, that the Board had exceeded its authority by ordering Deputy Freeman transferred, and that the Board's decision to reinstate Deputy Freeman was arbitrary and capricious. The Board responded with its own motion for summary judgment, arguing that K.S.A. 19-4303 *et seq.* gave the Board express authority to review the sheriff's decision regarding employment matters. The motions were considered at a hearing. Sheriff Zoellner renewed his assertion that *Nielander* removed discretion from the Board in the sheriff's personnel decisions. The district court was not persuaded and ruled in favor of the Board, denying the sheriff's motion for summary judgment.

The parties disagreed about the meaning of the word "department" as it was used in 19-4327(d)(3). Sheriff Zoellner argued that "department" meant another division of county government. The Board countered by noting that the particular statute in question applied only to the sheriff's department, which would render illogical any reading which presumed a move to a branch of county employment other than the sheriff's office. The district court noted that K.S.A. 19-4327 was not a "well drafted statute."

In its August 10, 2006, decision, the district court held that the "word 'department' is construed to mean another law enforcement department. . . . a law enforcement department completely separate and apart from the Leavenworth County Sheriff's Office." The district court held that the Board "exceeded its authority by placing Deputy Freeman back in the same department." The district court remanded the case to the Board with directions to implement the district court's interpretation of the statute.

The Board, in response to the district court's order, filed a motion to amend the judgment, arguing that it did not have the authority to transfer Deputy Freeman to an outside law enforcement agency. The district court denied the Board's motion, concluding that "it has adequately addressed the standards and issues by way

of its August 10, 2006 Journal Entry of Judgment and has nothing to add."

The Board appeals the district court's decision concerning the limits of the Board's authority. Sheriff Zoellner cross-appeals the district court's ruling, claiming that *Nielander* controls.

The statute at issue in this appeal is K.S.A. 19-4327(d). It reads, in relevant part:

"After the hearing and consideration of the evidence for and against a dismissal, the board shall approve or disapprove such action and may make any one of the following appropriate orders: (1) Order the reinstatement of the employee and the payment to the employee of such salary as has been lost by reason of such dismissal. (2) Sustain the dismissal of such employee. (3) Except as provided above the board may sustain the dismissal, but may order the name of the dismissed employee returned to the appropriate registers, or may take steps to effect the transfer of such employee to a comparable position in another department."

On appeal, the Board contends that the language in K.S.A. 19-4327(d)(3) is ambiguous. The Board believes the most sensible and harmonious interpretation of the statute authorizes the Board to transfer a sheriff's department employee to a comparable position in a different "division or branch" of that same sheriff's department. The Board rejects the district court's interpretation that the Board has the power to transfer an employee to another county or any other outside law enforcement agency. Sheriff Zoellner seems to agree that the district court erred by ordering Deputy Freeman transferred to another law enforcement agency, and suggests that "department" means another office of county government. Neither interpretation makes sense because the statute as written is unenforceable.

The interpretation of a statute is a question of law over which this court has unlimited review. An appellate court is not bound by the district court's interpretation. *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007). The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary

meanings. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007).

We are mindful that we need to read K.S.A. 19-4327(d)(3) as part of the entire chapter. See *McIntosh v. Sedgwick County*, 282 Kan. 636, 642, 147 P.3d 869 (2006). K.S.A. 19-4327 is included in Article 43 of the Kansas Statutes which is entitled "Employment Systems." Also under that Article is a section beginning at K.S.A. 19-4303 entitled "Civil Service System in Urban Area and Other Counties," which includes K.S.A. 19-4327, the statute at issue in this case. Given the language of all the statutes contained in the chapter, K.S.A. 19-4327(d)(3) applies only to certain sheriff's departments and not county governments in general.

The issue here is dependent on what is meant by the word "department." There is no available legislative history on this statute which would aid in its construction. There is also no relevant case law on this issue. Thus, the meaning of K.S.A. 19-4327(d)(3) is an issue of first impression.

Under subsection (d)(1), the Board could have ordered Deputy Freeman reinstated; under subsection (d)(2), the Board could have sustained Deputy Freeman's dismissal; however, it did neither of these things. Under subsection (d)(3), the Board sustained Deputy Freeman's dismissal and then ordered that he be "transferred to a comparable position in the Jail Division."

K.S.A. 19-4311(e) refers to the "sheriff's department" as an entity. However, in K.S.A. 19-4314 there is a reference to the "sheriff's office." Further, in K.S.A. 19-4316, the language suggests that individuals who work for the sheriff hold "offices, employments and positions."

The statutes dealing with employment issues within the sheriff's department consistently use the word "office" to refer to positions within the sheriff's department. Thus, we believe the Board erred when it determined that transferring Deputy Freeman to a jail position is a "comparable position in another department." The sheriff's department is one department, not a group of departments. We agree with the district court when it held that the Board "misinterpreted the statute by placing Mr. Freeman back in the same department." However, we must resolve whether the district

court erred when it determined that the word "department" meant a different law enforcement department "completely separate and apart" from the Leavenworth County Sheriff's Office.

Also determinative of this case is the key phrase in K.S.A. 19-4327(d)(3), "may take steps to effect the transfer of." We are mindful that we must give effect to the legislature's intent. See *State ex rel. Topeka Police Dept. v. 895.00 U.S. Currency*, 281 Kan. 819, 827, 133 P.3d 91 (2006). The Board argued before the district court that the "take steps to effect" language meant that they could "direct" a transfer. We disagree. If the legislature wanted the Board to be able to direct a transfer, it would have used those words when drafting the statute. We reverse the district court's holding that the Board has the authority to transfer a dismissed sheriff's deputy to another law enforcement agency.

The district court noted on the record that its interpretation of the "take steps to effect" language meant that the Board was not required to find Deputy Freeman a new position. Rather, it had "to try to help him as best [it] can." The Board, which sustained the sheriff's dismissal of the deputy, does not have the authority to require the sheriff to rehire the deputy, create a position for the dismissed deputy, or force another entity to hire the dismissed deputy. The Board can merely suggest to other departments that the deputy is available for hire.

On appeal, Sheriff Zoellner argues that *Nielander* should apply to this case. He contends that the Board is subordinate to the county commissioners. While acknowledging the existence of K.S.A. 19-4327, Sheriff Zoellner maintains that *Nielander* effectively rewrites the statute to remove from the Board any authority over hiring or firing.

*Nielander* holds that the legislature intended for sheriffs, not boards of county commissioners, to have the authority to promote or dismiss deputies or assistants. *Nielander* explicitly recognizes that K.S.A. 19-805(d) makes a sheriff's personnel decisions subject to certain restrictions, including a civil service system. 275 Kan. at 266-67.

The Kansas Supreme Court in *Nielander* held that a board of county commissioners may not supersede a sheriff's power to dis-

miss personnel. 275 Kan. at 267. *Nielander* does not address a civil service board's authority. In *Nielander,* the Supreme Court was dealing with the authority of a board of county commissioners. However, we recognize that the court in *Nielander* said:

"[T]he sheriff is a state officer whose duties, powers, and obligations derive directly from the legislature and are coextensive with the county board. The undersheriff and the sheriff's deputies and assistants are subordinates of the office of sheriff. The board of county commissioners is the means by which the legislature finances the operation of the office of the sheriff. The board of county commissioners is not free to usurp the powers of the office of sheriff by controlling the hiring or firing of the deputies and assistants appointed by the sheriff." 275 Kan. at 261-62.

K.S.A. 19-805(d) provides authority for the creation of a civil service system, and K.S.A. 19-4327 allows that entity to review a sheriff's personnel decisions. The district court did not err in denying Sheriff Zoellner's motion for summary judgment.

Affirmed in part and reversed in part.